Matter of Elizabeth R. (Brenda P.-H.) (2018 NY Slip Op 04655)





Matter of Elizabeth R. (Brenda P.-H.)


2018 NY Slip Op 04655


Decided on June 21, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 21, 2018

Richter, J.P., Tom, Mazzarelli, Gesmer, Moulton, JJ.


6946 6945

[*1]In re Elizabeth R., Petitioner-Appellant, Brenda P.-H., Respondent-Appellant, Renzo H., et al.,


Tennille M. Tatum-Evans, New York, for Elizabeth R., appellant.
Neal D. Futerfas, White Plains, for Brenda P.-H, appellant.
Zachary W. Carter, Corporation Counsel, New York (Jessica Miller of counsel), for Administration for Children's Services, respondent.
Dawn M. Shammas, New York, for Sheltering Arms Children and Family Services, respondent.
Tamara A. Steckler, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the children.



Orders, Family Court, New York County, (Stewart H. Weinstein, J.), entered on or about February 24, 2017, which, inter alia, dismissed the applications of petitioner maternal grandmother for guardianship of the subject child, Alexander H., and custody of the subject child, Kaylene H., unanimously affirmed, without costs.
The record establishes that it was not in the children's best interests to uproot them from their stable and loving foster homes, where they are well-cared for, with foster parents who wish to adopt them and are most likely to encourage a relationship with their siblings (see Matter of Jaffa Wally F., 60 AD3d 409 [1st Dept 2009]; Matter of Taaliyah Simone S.D., 28 AD3d 371 [1st Dept 2006]). Contrary to petitioner's argument, her unsuitability as a guardian and custodian of the subject children was well-supported by the record, including, but not limited to her repeated failure to acknowledge the mother's culpability in the severe abuse of three of her children, as well as her lack of insight into the children's history of abuse and emotional needs (see Matter of Jessica MM., 122 AD2d 462, 465 [3d Dept 1986], lv denied 68 NY2d 612 [1986]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 21, 2018
CLERK